DAVID J. KAMINSKI, ESQ. (SBN #128509)
kaminskid@cmtlaw.com
STEPHEN A. WATKINS, ESQ. (SBN #205175)
watkinss@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California  90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJEAN FOURNIER individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CREDITORS INTERCHANGE RECEIVABLE MANAGEMENT, LLC d/b/a CREDITORS INTERCHANGE and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:10-CV-03220(PSG)(RCx)<br><br>District Judge: Hon. Phillip S. Gutierrez<br>Magistrate Judge: Hon. Rosalyn M. Chapman<br><br>**RULE 26 JOINT REPORT**<br><br>District Judge: Hon. Phillip S. Gutierrez<br>Scheduling Conference<br>Date:      September 20, 2010<br>Time:      2:00 p.m. |

Pursuant to the Order of the Honorable Phillip S. Gutierrez, United States District Judge, dated June 10, 2010, the parties state for their Joint Report pursuant to Fed. R. Civ. P. 26(f) as follows:

**(1) THE BASIS FOR THE COURT'S SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

Plaintiff alleges that the Court has jurisdiction over his claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") pursuant to 15 U.S.C. §1692k and jurisdiction over his claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("RFDCPA") pursuant to 28 U.S.C. § 1331.

## (2) A BRIEF CHRONOLOGY OF THE FACTS AND A STATEMENT OF THE PRINCIPAL FACTUAL ISSUES IN DISPUTE

Plaintiff alleges that he incurred a personal debt from one Barclays Bank (the "Debt"), defaulted on that debt, and the debt was thereafter referred to defendant for collection.

### The Alleged Voicemail Message From "Susie"

Plaintiff claims that on or about "September 2009 through December 2009" he allegedly received a voicemail message from defendant's agent, "Susie," stating, in part, that "it is very important that you return my call to my office . . . I stress the urgency of a return call . . . ." Plaintiff alleges that "Susie" failed "to include proper disclosures."

### The Alleged Voicemail Message From "Dan"

Plaintiff alleges that on or about "September 2009 through December 2009" he allegedly received a voicemail message from defendant's agent, "Dan," stating, in part, that "I need you to call me today before 5:00 your time . . . . It is very important that you do contact me today . . . . This is a very important business matter that has to discussed today." Plaintiff alleges that "Dan" failed "to include proper disclosures."

### The Alleged Voicemail Message From "Angie"

Plaintiff alleges that on or about "September 2009 through December 2009" he allegedly received a voicemail message from defendant's agent, "Angie," stating, in part, that "I need a return phone call . . . . I do need to speak to you . . . ." Plaintiff alleges that "Angie" failed "to include proper disclosures."

### The Alleged Voicemail Message from an Unnamed Collector

Plaintiff alleges that on or about "September 2009 through December 2009" he allegedly received a voicemail message from an agent of defendant stating, in part, that "I have a matter in

my office that needs your immediate attention." Plaintiff alleges that defendant's agent failed "to include proper disclosures."

**Factual Issues in Dispute**

Defendant admits only that plaintiff defaulted on and owes a debt that defendant was attempting to collect, that there were certain documented transactions and communications with plaintiff, refers to these transactions and communications for their content and context, and otherwise denies plaintiff's allegations. Discovery will need to be undertaken before defendant can fully analyze plaintiff's claims.

**(3) BRIEF STATEMENT OF THE DISPUTED POINTS OF LAW, INCLUDING REFERENCE TO SPECIFIC STATUTES AND DECISIONS**

Plaintiff alleges that defendant took actions that violated the FDCPA and RFDCPA while attempting to collect the Debt. Defendant denies that the actions of its agents, representatives and employees violated the FDCPA or the RFDCPA.

**(4) ANTICIPATED MOTIONS**

After discovery, both parties may file motions for summary judgment. Also, plaintiff alleges that he intends to file a motion for class certification. Defendant states that such a motion would be untimely and objects to the scheduling of a date for the filing of a class certification motion on the grounds that plaintiff has failed to file a motion for class certification, or a motion for an extension of time to do so, within the time limit imposed by C.D. Cal. Local Rule 23-3. Moreover, this action cannot properly be maintained as a class action pursuant to Fed. R. Civ. P. 23, because, inter alia, the questions of law and fact at issue are not common to the putative class, but rather, are highly specific and will vary from person to person. The Complaint alleges that the voicemail messages "vary and change in form and substance" (Complaint ¶ 15) and were left by different employees (Complaint ¶¶ 9-12), as opposed to pre-

recorded messages or form letters upon which a defined class could be based. While the Complaint's class allegations allege that the messages were "scripted and automated" (Complaint ¶ 28), the Complaint's contradictory factual allegations allege that four varying messages were left by individual agents. (Complaint ¶¶ 9-12).

**(5) PROPOSED DEADLINE FOR AMENDING THE PLEADINGS**

The parties propose the date of October 13, 2010 as the deadline for plaintiff to amend the complaint and a date of October 27, 2010 as the deadline for defendant to amend its answer.

**(6) WHETHER THERE HAS BEEN FULL AND TIMELY COMPLIANCE WITH THE INITIAL DISCLOSURE REQUIREMENTS OF FED. R. CIV. P. 26 AND A DESCRIPTION OF THE DISCLOSURES MADE;**

The parties will exchange their initial disclosures pursuant to Fed. R. Civ. P. 26 by no later than September 10, 2010.

**(7) THE SCOPE OF ANTICIPATED DISCOVERY, ANY PROPOSED LIMITATIONS OR MODIFICATIONS OF THE DISCOVERY RULES, AND A PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)**

At this time, the parties have yet to commence discovery. With the Court's permission, the parties will conduct written discovery and depositions regarding plaintiff's claims and defendant's defenses.

 A. Discovery will be needed on the following subjects:

Plaintiff: The nature of defendant's communications with plaintiff regarding the debt.

Defendant: All facts and circumstances that refer, reflect, relate, evidence, or concern defendant's alleged actions to collect upon the subject debt, including but not limited to plaintiff's alleged damages. This discovery will include Interrogatories, Requests for Admissions, Requests for Production of Documents and other tangible things, and the deposition of plaintiff. Defendant will seek any documents reflecting defendant's purported contact with plaintiff regarding the subject debt and plaintiff's purported damages.

B.   The parties propose March 17, 2011 as the discovery cut-off date. Discovery will be conducted pursuant to Federal Rules of Civil Procedure.

C.   At present, the parties do not anticipate the use of expert witnesses; however, the parties reserve the right to do so provided such use be in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties propose March 3, 2011 as the deadline to disclose expert witnesses under Fed. R. Civ. P. 26(a)(2), March 17, 2011 as the deadline to disclose rebuttal expert witnesses, and April 18, 2011, as the expert discovery cut-off date.

D.   Discovery will not be conducted in phases.

E.   There are currently no issues regarding electronically stored information.

F.   Documents that will be produced may require confidentiality agreement. If document requests or initial disclosures are subsequently made by either party that require a confidentiality agreement, defendant requests that plaintiff sign a confidentiality agreement.

**(8) ANY RELATED CASES OR PROCEEDINGS PENDING BEFORE ANOTHER JUDGE OF THIS COURT, OR BEFORE ANOTHER COURT OR ADMINISTRATIVE BODY**

There are no known related cases or proceedings.

**(9) RELIEF FOR ALLEGED DAMAGES SOUGHT BY THE COMPLAINT**

Plaintiff requests that statutory and actual damages be awarded under the FDCPA and the RFDCPA. If plaintiff prevailed on his FDCPA cause of action, he would be entitled to statutory damages of not more than $1,000 and any proven actual damages. 15 U.S.C. 1692k. Similarly, if plaintiff prevailed on his RFDCPA claim, he would be entitled to statutory damages of not more than $1,000 and any proven actual damages. *Cal. Civ. Code* § 1788.30. Therefore, plaintiff's potential recovery is capped at $2,000 plus proven actual damages.

**(10) THE PARTIES' CERTIFICATIONS AS TO INTERESTED PARTIES OR PERSONS**

Defendant has filed a Notice of Interested Parties pursuant to Local Rule 7-1.1.

**(11) AN APPROPRIATE LAST DATE FOR THE COMPLETION OF DISCOVERY AND THE HEARING OF MOTIONS, A DATE FOR A FINAL PRETRIAL CONFERENCE AND A TRIAL DATE**

The parties propose the following dates:

March 17, 2011 as a date for the close of discovery;

April 25, 2011 as the last day for the filing of dispositive motions;

May 17, 2011 as the date for final pretrial conference;

May 31, 2011 as a proposed trial date.

**(12) WHETHER THE CASE WILL BE TRIED TO A JURY OR TO THE COURT AND A PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

Plaintiff has requested a jury trial, and the parties estimate that a trial should take no longer than one week.

**(13) EFFORTS MADE TO SETTLE OR RESOLVE THE CASE TO DATE, AND THE PARTIES' VIEWS AS TO AN APPROPRIATE PLAN FOR MAXIMIZING SETTLEMENT PROSPECTS**

With respect to the mandatory settlement procedures set forth by L.R. 16-15.4 defendant proposes a settlement conference before the Magistrate Judge, or such settlement proceedings as the Court may conduct or direct.

**(14) WHETHER THE CASE IS COMPLEX OR REQUIRES REFERENCE TO THE PROCEDURES SET FORTH IN THE MANUAL ON COMPLEX LITIGATION**

This case is not complex.

**(15) WHAT MOTIONS THE PARTIES ARE LIKELY TO MAKE THAT MAY BE DISPOSITIVE OR PARTIALLY DISPOSITIVE**

After discovery, both parties may file motions for summary judgment

**(16) ANY UNUSUAL LEGAL ISSUES PRESENTED BY THE CASE**

This case presents no novel or unusual legal issues.

**(17) PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF**

The parties agree that no bifurcation of discovery or a trial of this action is required

Dated: September 14, 2010

By: /s/ Amir J. Goldstein, Esq.
Amir J. Goldstein, Esq.
Attorney for Plaintiff
591 Broadway, #3A
New York, New York 10012
Telephone: (212) 966-5253
Email: ajg@consumercounselgroup.com

CARLSON & MESSER LLP

By: /s/ David J. Kaminski, Esq.
David J. Kaminski, Esq.
5959 West Century Boulevard
Suite 1214
Los Angeles, California 90045
Telephone No.: (310) 242-2200
Email: kaminskd@cmtlaw.com