O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#13
March 21 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3220 PSG (Ex) | Date | March 16, 2011 |
|---|---|---|---|

| Title | Rejean Fournier *et al.* v. Creditors Interchange Receivable Management, LLC |
|---|---|

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Defendant's motion to strike class action allegations

     Before the Court is Defendant Creditors Interchange Receivable Management, LLC's ("CIRM" or "Defendant") motion to strike class action allegations from Plaintiff Rejean Fournier's ("Plaintiff") Complaint on grounds that Plaintiff failed to timely file a motion for class certification in compliance with Local Rule 23-3.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers submitted in support of and in opposition to Defendant's motion, the Court GRANTS the motion.

I.     <u>Analysis</u>

     On February 7, 2011, Defendant moved to strike Plaintiff's class action Complaint pursuant to Fed. R. Civ. P. 23 and Central District Local Rule 23-3.  *See* Dkt. # 13 (Feb. 7, 2011).  Federal Rule of Civil Procedure 23(c) (1)(A) provides that when a party sues as a representative of a class, "the court must – at an early practicable time – determine by order whether to certify the action as a class action."  Fed. R. Civ. P. 23(c) (1)(A).  While this is normally accomplished through a plaintiff's motion for class certification, class allegations may also be stricken at the pleading stage.  *See Kamm v. California City Development Co.,* 509 F.2d 205, 212 (9th Cir. 1975); *see also Sheppard v. Capital One Bank*, No. CV 06-7535 GAF, 2007 WL 6894541, *1 (C.D. Cal., July 11, 2007).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**
**March 21 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3220 PSG (Ex) | Date | March 16, 2011 |
|---|---|---|---|
| Title | Rejean Fournier *et al.* v. Creditors Interchange Receivable Management, LLC | | |

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67 ..., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." L. R. 23-3. "Local rules are 'laws of the United States,' and valid if ... 'not inconsistent' with the Federal Rules of Civil Procedure." *United States v. Comprehensive Drug Testing, Inc.,* 473 F.3d 915, 927 (9th Cir. 2006) (internal quotations omitted). Because this case is a putative class action, it is therefore subject to Local Rule 23-3. *See Verner v. Swiss II, LLC*, No. CV 09-5701 PA, 2010 WL 99084, *1 (C.D. Cal., Jan. 6, 2010).

On April 29, 2010, Plaintiff, on behalf of herself and all others similarly situated, brought suit against Defendant, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Act, Cal Civ. Code § 1788 *et seq. See Watkins Decl.*, Ex. A. Defendant was served with the Complaint on May 7, 2010. *Watkins Decl.* ¶ 4. On that day, the ninety-day filing requirement for a motion for class certification under Local Rule 23-3 began running; accordingly, a motion for class certification should have been filed no later than August 5, 2010. *Id.* ¶ 5; L.R. 23-3.

As of that date, Plaintiff had neither filed a motion for class certification nor requested an extension of time to do so. *Id.* Defendant brought this to Plaintiff's attention in a Joint Report filed by the parties on September 14, 2010. *See* Joint Report ¶ 4, Dkt. # 8 (Sept. 14, 2010). Further, the Order for Jury Trial issued by the Court on September 14, 2010 makes no mention of any briefing deadline or hearing date for a motion for class certification. *See* Dkt. # 10 (Sept. 14, 2010). Plaintiff did not serve any discovery regarding class allegations until February 7, 2011, upon learning that Defendant would file a motion to strike the class allegations. *Goldstein Decl.* ¶ 8. Discovery is set to close in one day, on March 17, 2011, and – as of the date of this Order – Plaintiff has yet to move for class certification or request an extension of time to do so. *Watkins Reply Decl.* ¶¶ 10-11.

In opposing Defendant's motion to strike, Plaintiff contends that Defendant's motion is brought in bad faith and is "a tactical attempt to moot class allegations before Plaintiff has had any reasonable opportunity to conduct discovery on outstanding class issues." *Opp'n* 2:2-4. The only representation resembling an explanation for Plaintiff's failure to comply with Local Rule 23-3 is Plaintiff's counsel's averment that in late 2010 he had been out of the country tending to a family emergency, and did not realize until February 4, 2011 that Defendant did not receive his

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13
March 21 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3220 PSG (Ex) | Date | March 16, 2011 |
|---|---|---|---|
| Title | Rejean Fournier *et al.* v. Creditors Interchange Receivable Management, LLC | | |

discovery request. *Goldstein Decl.* ¶¶ 6, 8. This response does not constitute good cause for failing to comply with Local Rule 23-3. To the extent that Plaintiff was aware of the ninety-day deadline, he could have sought relief from this Court in advance of the deadline. *See Verner*, 2010 WL 99084 at \*1. Not only did he fail to do so, he failed to show good cause for failing to request an extension of the deadline. Moreover, to the extent that Plaintiff was *not* aware of the ninety-day deadline, the Ninth Circuit has clearly held that ignorance of Local Rule 23-3's requirements is not an excuse for failure to timely file a class certification motion. *See Watson v. Schwarzenegger*, 347 Fed. Appx. 282, 284, 2009 WL 1956222, \*1 (9th Cir. 2009) (unpublished) (holding that the district court did not abuse its discretion in denying plaintiff's motion for relief from Local Rule 23-3 because plaintiff's "unfamiliarity with the local rules and unnecessary delay in filing his motion did not constitute excusable neglect.") (citing *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc) (stating that "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered.")).

Accordingly, because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's Complaint. *See Verner*, 2010 WL 99084 at \*1; *see also Seig v. Yard House Rancho Cucamonga, LLC*, No. CV 07-2105 PA, 2007 WL 6894503, \*2 (C.D. Cal., Dec. 10, 2007).

II. Conclusion

For the foregoing reasons, Defendant's motion to strike class allegations is GRANTED.

**IT IS SO ORDERED.**